**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JEREMY PATRICK CLEMMONS,**

　　　　**Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:12cv4-SPM/WCS**

**B. THOMPKINS,**

　　　　**Defendant.**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff is a *pro se* prisoner at the Leon County Jail who was granted leave to proceed *in forma pauperis*.  Docs. 2, 5, 6.  Plaintiff has now paid the assessed initial partial filing fee, doc. 9, and the complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

The Defendant named in this case is a dentist for the Leon County Jail.  Doc. 1, p. 2.  Plaintiff alleges that he went to sick call because of pain on the right side of his mouth, which Plaintiff identified as stemming from "a tooth located as no. 3 from the back."  *Id.*, at 5.  Plaintiff said that he pointed out the tooth to the Defendant and asked that it be pulled.  *Id.*  Plaintiff alleges that the Defendant numbed his mouth and pulled a

tooth, but the wrong tooth.  *Id.*  After Plaintiff filed a grievance concerning this issue,

Plaintiff alleges that the Defendant realized he pulled the wrong tooth and put a filling in

the tooth that had been causing Plaintiff pain.  *Id.*  Plaintiff alleges that the Defendant

committed medical malpractice and assault and battery.  *Id.*

Plaintiff cannot proceed in this civil rights case because the facts do not

demonstrate a viable constitutional violation.  It is well settled that deliberate

indifference to the serious medical needs of prisoners violates the Eighth Amendment

and constitutes the unnecessary and wanton infliction of pain.  Estelle v. Gamble, 429

U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), *quoted in* McElligott v. Foley, 182 F.3d

1248, 1254 (11th Cir. 1999).  Yet it is also settled that not every claim by a prisoner for

inadequate or improper medical care "states a violation of the Eighth Amendment."

McElligott, 182 F.3d at 1254, *quoting* Estelle, *id.*, at 106, 97 S.Ct. 285.  Complaints of

negligence in diagnosing or treating a medical condition are not sufficient to state a

claim and medical "malpractice does not become a constitutional violation merely

because the victim is a prisoner."  *Id.*

The concept of deliberate indifference entails something more than negligence,

but is satisfied by something less than actions undertaken with an intent to cause harm.

Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994).  Subjective recklessness, as defined

in criminal law, is the standard which must be shown for an official's actions to rise to

the level of deliberate indifference.  *Id.*  Deliberate indifference has been described as a

culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or

harm to a prisoner by depriving him of a basic human need.  Wilson v. Seiter, 501 U.S.

294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  Combining the standards from Farmer

and Estelle, the Eleventh Circuit has clarified that, ultimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."  Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004), *citing* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999).

In McElligott v. Foley, *supra*, the doctor and nurse failed to diagnose the prisoner's condition as cancer and the Eleventh Circuit concluded that they could not "be held liable for failing to" make the correct diagnosis.  182 F.3d at 1256.[1]  Here, Plaintiff was examined by the dentist in response to his reported pain, Plaintiff requested that his tooth be pulled, and the dentist administered pain numbing medication and then pulled a tooth, but mistakenly pulled the wrong tooth.  There is no basis to find this was an intentional act to cause Plaintiff pain, or a pain numbing medication would not have been given.  The allegations show nothing more than a mistake and an act of negligence.  That is not enough to state a constitutional claim.  If

---

[1] The court found, however, that there was sufficient evidence to find the defendants were deliberately indifferent to the prisoner's "medical need for further diagnosis of and treatment for the severe pain he was experiencing."  *Id.,* at 1257.

failing to properly diagnose cancer is not sufficient as an Eighth Amendment claim, then

pulling the wrong tooth after administration of anesthesia is not sufficient either.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and

recommendation direct the Clerk of Court to note on the docket that this cause was

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 13, 2012.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**